**STATE, Plaintiff-Appellee, v. BARGER, Defendant-Appellant.**
**Two Cases**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 10459, 10460. Decided February 4, 1954.

Frank T. Cullitan, County Prosecutor, Cleveland, for plaintiff-appellee.
Phillip C. Barragate, Cleveland, H. C. Wedren, Cleveland, for defendants-appellants.

## OPINION

PER CURIAM:

The defendants herein have filed their separate appeals on questions of law from a judgement of guilty of manslaughter in the first degree rendered by the Court of Common Pleas of Cuyahoga County. being tried to a court of three judges, they having waived the right of trial by jury. This court now has before it for determination separate motions for a stay of execution and to fix bail pending the hearing and decisions of their respective appeals based on §2953.10 R. C., which reads as follows:

"The court of common pleas, court of appeals, or supreme court, or any judge thereof, to which court an appeal is taken from an inferior tribunal, has the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for in respect to said inferior tribunal."

The defendants are entitled to appeals from the judgment of the trial court as a matter of right. Stays of executions and the settings of bail, however, rest upon the sound discretion of the court. A long line of precedent has established the granting of stays of executions in most cases pending hearing on appeal. The power to fix bail pending appeal was first granted the Court of Appeals of Ohio on October 25, 1949 by virtue of §2953.10, supra. Until then, the matter of bail rested exclusively within the jurisdiction of the trial court which still retains such power. However, that court, in these cases, has refused to set bail and the jurisdiction of this court on the subject has been invoked.

Since these defendants have no previous criminal record and were on bail during the entire period these actions were pending in Common Pleas Court and, since there is no evidence before us which would justify the conclusion or warrant the inference that they might engage in offensive conduct during the pendency of these appeals, the best interest of the community does not demand they be held in custody pending the hearing of their appeals on the merits.

The motions for stay of execution and for allowance of bail are, therefore, granted. Each defendant is hereby ordered to be released from custody upon the posting of bail in the amount of $7,500.00 each, to the satisfaction of the Clerk of the Court. A journal entry may be drawn accordingly. Exc. O. S. J.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.